**WAL–MART STORES, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent,**

**United Food and Commercial Workers International Union, AFL–CIO, Intervenor.**

Nos. 04–1180, 04–1219.

United States Court of Appeals, District of Columbia Circuit.

April 19, 2005.

Charles A. Powell, III, Spencer Alan Kinderman, Johnston, Barton, Proctor & Powell, Birmingham, AL, for Petitioner.

Jill A. Griffin, Attorney, Arthur F. Rosenfeld, Aileen A. Armstrong, Deputy Associate General Counsel, John H. Ferguson, Assistant General Counsel, Kathleen Eileen Lyon, National Labor Relations Board (NLRB), General Counsel, Washington, DC, for Respondent.

Renee L. Bowser, Peter James Ford, United Food & Commercial Workers International Union, Washington, DC, for Intervenor.

Before EDWARDS, ROGERS, and GARLAND, Circuit Judges.

*JUDGMENT*

PER CURIAM.

Consolidated with 04–1219

This petition for review of an order of the National Labor Relations Board (NLRB) was presented to the court, and briefed and argued by counsel. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. Rule 36(b). It is

ORDERED and ADJUDGED that the petition for review be denied and the cross-application for enforcement be granted.

Wal–Mart contends that the NLRB erred in deciding that Wal–Mart violated section 8(a)(1) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1), when it fired Edward Eagen. We review the Board's decision under the familiar substantial evidence test: "We must uphold the judgment of the Board unless, upon reviewing the record as a whole, we con-

clude that the Board's findings are not supported by substantial evidence ... or that the Board acted arbitrarily or otherwise erred in applying established law to the facts of the case." *Shamrock Foods Co. v. NLRB,* 346 F.3d 1130, 1132–33 (D.C.Cir. 2003).

The Administrative Law Judge's (ALJ's) decision, which was adopted by the Board, rests on a straightforward application of NLRB precedents. Substantial evidence supports the ALJ's findings that Eagen was engaged in protected concerted activity, that Wal–Mart was aware of the concerted nature of Eagen's activity, and that Eagen was fired as a result of that activity. *Meyers Industries, Inc.,* 281 N.L.R.B. 882 (1986). The ALJ properly balanced the *Atlantic Steel* factors to conclude that, in this case, Eagen did not lose the protection of the Act by using foul language in the course of that activity. *Atlantic Steel Co.,* 245 N.L.R.B. 814 (1979); *see Felix Indus., Inc. v. NLRB,* 251 F.3d 1051 (D.C.Cir. 2001). Further, as the ALJ found, Wal–Mart's contention that it has an absolute no-profanity policy that it consistently enforces through discharge is substantially contradicted by the record evidence. Both the face of the policy and testimony by a Wal–Mart manager establish that the policy is completely discretionary, and the record discloses numerous occasions upon which Wal–Mart imposed discipline far short of termination on employees who engaged in conduct more egregious than Eagen's.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41(a)(1).